UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No.: | 17-CV-01863-AB (KSx) | Date: | April 13, 2017 |

Title: *Ozoamaka Ogbozor, et al. v. Macy's West Stores Inc., et al.*

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Connie Lee | N/A |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] Order *Sua Sponte* Remanding Case for Lack of Subject Matter Jurisdiction**

Invoking diversity jurisdiction, Defendants Macys's West Stores Inc. and COTY Inc. ("Defendants") removed this case from Los Angeles Superior Court on March 8, 2017. (Dkt. No. 1, Notice of Removal ("NOR") at 2.) The Court, having reviewed the Notice of Removal and the materials attached thereto, issued an Order to Show Cause ("OSC") requiring Defendants to demonstrate that the amount in controversy in this case exceeds $75,000. (Dkt. No. 10.) Defendants timely filed a brief addressing the issue. (Dkt. No. 11.) For the following reasons, the Court finds Defendants have not established the Court has subject matter jurisdiction to hear this case. The Court therefore *sua sponte* **REMANDS** this case to Los Angeles Superior Court.

I. **LEGAL STANDARD**

As courts of limited jurisdiction, federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed

to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Under 28 U.S.C. § 1441, a defendant may remove an action from state court to federal court on the basis of diversity jurisdiction if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441. Diversity jurisdiction requires that the parties be in complete diversity and the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332.

The amount in controversy is the total "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). "[I]n assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 Fed. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006) ("The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."); *Martinez v. Los Angeles World Airports*, No. CV-14-9128-PA-PLAx, 2014 WL 6851440, at *2 (C.D. Cal. Dec. 2, 2014). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Merricks-Barragan v. Maidenform, Inc.*, No. CV-11-07965-SJO-MRWx, 2011 WL 5173653, at *2 (C.D. Cal. Oct. 31, 2011) (citing *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient." *Matheson*, 319 F.3d at 1090–91 (citing *Gaus*, 980 F.2d at 567). "[R]ather, defendant[s] must state the underlying facts supporting [their] assertion that the amount in controversy is met." *Killion v. AutoZone Stores Inc.*, No. 5:10-CV-01978, 2011 WL 590292, at *1 (C.D. Cal. Feb. 8, 2011) (citing *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

## II. DISCUSSION

The Court raises the issue of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) (stating district courts "may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action"); 28 U.S.C. 1447(c) ("If at any time before final judgment it appears that the district

court lacks subject matter jurisdiction, the case shall be remanded.")

Plaintiffs' Complaint alleges claims for violations of the Unruh Civil Rights Act and negligent and intentional infliction of emotional distress arising from an incident in a Macy's department store in which a Macy's employee called Plaintiffs "a stupid black bitch." (NOR, Ex. 1 at 9, 11.) Plaintiffs seek general and special damages, "up to three times actual damages but in no case less than four thousand dollars ($4,000), pursuant to Civil Code section 52," attorneys' fees, punitive damages, costs, and injunctive relief. (*Id.* at 14.) The Complaint lacks any other indication of the amount in controversy, though the Civil Case Cover Sheet filed in Los Angeles Superior Court indicates the case was filed as unlimited civil case, demanding more than $25,000 in damages. (*Id.* at 16.)

Defendants' Notice of Removal asserts this Court has diversity jurisdiction over this case under 28 U.S.C. § 1332 because "it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs." (NOR at ¶ 5.) Though Defendants proceeded to allege there was complete diversity between the named parties, they made no further allegations about the amount in controversy. (*Id.* at ¶ 6.) The Court found this single conclusory allegation about the amount in controversy insufficient to meet Defendants' burden to establish that removal is proper, and issued an OSC requiring Defendants to demonstrate why the case should not be remanded for lack of subject matter jurisdiction. (Dkt. No. 10.)

Responding to the OSC, Defendants contend the amount in controversy is satisfied because attorneys' fees and punitive damages are authorized by the Unruh Civil Rights Act. (Dkt. No. 11, Defs.' Br. at 4.) Specifically, Defendants argue that,

> here, where the Plaintiffs seek recovery for attorneys' fees and punitive damages that are authorized by statute, the Court must consider such amounts in determining if the amount in controversy requirement is satisfied. Defendants submit that although the precise amount of damages in unclear, it is apparent from the Complaint that the amount in controversy requirement is met.

(*Id.*)

This contention is legally correct, but it does not meet Defendants' burden to establish the Court has jurisdiction in this case. Defendants must demonstrate the amount in controversy is satisfied by a preponderance of the evidence, and this statement does not show that it is more likely than not Plaintiffs' allegations put $75,000 in controversy.[1] *See*

---

[1] Defendants also argue Plaintiffs' failure to "challenge the amount in controversy requirement in any way . . . should be construed in favor of removal." (Dkt. No. 11, Defs.' Br. at 4.) Defendants cite no authority for this proposition, and

*Merricks-Barragan*, 2011 WL 5173653, at *2.  Defendants have not discussed the underlying facts supporting their argument or otherwise give the Court any reasonable basis from which to conclude the amount in controversy is satisfied here.[2]  For example, Defendants have not cited to factually similar cases in which juries rendered substantial punitive damages awards, nor have Defendants submitted declarations regarding their rates and the fees likely to be incurred based on their representation in similar cases.

The fact that recovering punitive damages is possible does not itself demonstrate that the recovery "is likely or probable in this case."  *Killion*, 2011 WL 590292, at *2.  The same is true for attorneys' fees.  As one court observed, "attorneys' fees are in the control of the client and counsel and may be avoided or accrue over years depending on legal strategy."  *Foltz v. Integon Nat. Ins. Co.*, No. 1:14-CV-00907-KJM, 2014 WL 4960765, at *3 (E.D. Cal. Oct. 2, 2014).  That a statute may permit recovery of fees in excess of $75,000 does not establish that it is more likely than not that this case will proceed in such a way that either party will incur that amount.

From the threadbare materials presented, the Court has no basis from which to determine whether the amount in controversy is satisfied.  Defendants simply have not carried their burden to establish the jurisdictional threshold is satisfied here.  Accordingly, the Court finds it lacks subject matter jurisdiction and **REMANDS** this case to state court.  The clerk shall remand this action to Los Angeles County Superior Court and close the case.

**IT IS SO ORDERED.**

---

Plaintiffs' silence, in itself, does not change the jurisdictional requirements or analysis.

[2] In their brief, Defendants also discuss whether the complete diversity requirement is established in this case based on a Doe Amendment made in the Superior Court.  Because the Court finds the amount in controversy is not satisfied here, it need not reach the issue of complete diversity.  (Dkt. No. 11, Defs.' Br. at 3-4.)